**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 20 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

WILLIAM MICHAEL RAINE,

      Plaintiff - Appellant,

v.

HANK GALETKA, Warden,

      Defendant - Appellee.

No. 98-4076

(D.C. No. 97-CV-841)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Mr. William Michael Raine, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint without prejudice. Plaintiff filed an action pursuant to 42 U.S.C. § 1983 in which he alleged grievances

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

relating to his inadequate medical care and prison policies on medical care. Pursuant to 42 U.S.C. § 1997e(a)(1), the district court ordered Plaintiff to provide a statement from the grievance coordinator at the Utah State Prison certifying that Plaintiff had fully exhausted all administrative remedies available to him. See R., Vol. I, Doc. 2. The grievance coordinator then submitted a certified statement indicating that Plaintiff had not fully exhausted his administrative remedies. Plaintiff filed an objection to this statement, claiming that it was false. The court then gave Plaintiff fifteen (15) days from the date of its Order filed February 9, 1998, "to supply [it] with the necessary documents showing that he has completed the grievance procedure, up through Level III, on each issue he asserts in his complaint." Id. at Doc. 10. Although Plaintiff submitted certain documents on February 26, 1998, the court found that the grievance coordinator properly certified that Plaintiff had not fully exhausted his remedies. The court therefore dismissed the complaint without prejudice, and it noted that Plaintiff could refile the case when he cured his exhaustion problem.

After reviewing the record, we agree with the district court's Order filed March 19, 1998. Thus, we affirm the decision of the court to dismiss Plaintiff's section 1983 action without prejudice for failure to exhaust the administrative

remedies available to him.

AFFIRMED.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge